DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant was convicted and sentenced on charges of aggravated murder and aggravated burglary. Because we find that the trial court failed to make statutorily required findings and state its accompanying reasons for these findings, we vacate the burglary portion of the sentence and remand the matter for resentencing on that charge.
Appellant, Scott Robinson, was named in a two-count indictment following the September 29, 1999 shooting death of his former girlfriend. Count I charged aggravated murder with a capital specification. Count II charged aggravated burglary. Attached to both counts was a firearms specification.
In a plea agreement with the state, appellant, pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, entered a guilty plea to aggravated murder with a firearm specification, but without a capital specification and to aggravated burglary without a gun specification. The trial court accepted the plea and ordered a presentence investigation.
Following a sentencing hearing, the court sentenced appellant to a term of life imprisonment with parole eligibility after twenty years on the aggravated murder charge. On the firearm specification the court imposed a mandatory three year consecutive term of imprisonment. The court imposed an additional five years imprisonment for the aggravated burglary, also to be served consecutively.
From this sentence appellant now appeals, setting forth the following single assignment of error:
 "Defendant Appellant's Sentences Should be Reversed as the Trial Court Failed to Comply with the Mandates of Revised Code § 2919.14 they are not Supported by the Record."
Appellant discusses at length the sentencing considerations delineated in R.C. 2929.11 et seq. These considerations, however, do not directly apply to a conviction for aggravated murder. That offense is outside the felony sentencing standards and the sentence handed down in this case conforms with the statutorily required sentence. R.C. 2929.03(A)(1). Moreover, the firearm specification attached to the aggravated murder conviction carries a mandatory consecutive three year sentence. R.C.2929.14(D)(1). Consequently, the sentences imposed for these matters are proper.
Remaining is the consecutive five year sentence imposed for aggravated burglary, a felony of the first degree for which sentences of between three and ten years must ordinarily be imposed. R.C. 2929.14(A). An offender who has not previously served prison time should receive the minimum sentence in this range unless the court determines that to impose such a sentence would demean the seriousness of the offense or not adequately protect the public. R.C. 2929.14(B). The court made such findings in this case; therefore, the five-year term to which appellant was sentenced is in conformity with the law.
However, R.C. 2929.14(E)(3) permits the imposition of consecutive sentences only where the court concludes that a consecutive term is necessary to protect the public and punish the offender, not disproportionate to the conduct of and the danger posed by the offender, and: (1) the crimes were committed while awaiting trial or on postconviction release; (2) the crime resulted in harm so great or unusual that a single term does not adequately reflect the seriousness of the conduct; or (3) the offender's criminal history shows that consecutive terms are needed to protect the public. When a court imposes consecutive terms it must explain its reasons for doing so. R.C. 2929.19(B)(2).
In this matter, although the court could have reached the requisite conclusions, it did not articulate these findings at the sentencing hearing or in the sentencing entry. Neither did it explain its reasons for imposing a consecutive sentence. Absent such findings and explanations, the court may not impose consecutive sentences. State v.Edmonson (1999), 86 Ohio St.3d 324, 326.
Accordingly, appellant's sole assignment of error is well-taken.
On consideration whereof, the sentencing order of the Lucas County Court of Common Pleas is vacated with respect to consecutive sentencing for aggravated burglary. This matter is remanded to said court for entering the sentence concurrently or making the statutorily required findings and explanations. Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.